## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:19-cv-253-FDW

| | | |
|---|---|---|
| **CHARLES EVERETTE HINTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| | ) | |
| **W. ROBERT BELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on periodic status review.

Plaintiff's *pro se* Complaint was docketed on May 30, 2019, at which time he was incarcerated at the Warren Correctional Institution. (Doc. No. 1-1). The Clerk of Court. On June 3, 2019, the Court entered a Notice of Deficiency informing him of his obligation to either pay the $400 filing fee or file an application to proceed without prepayment of fees. (Doc. No. 2). He mailed the Court a letter from the Warren C.I. that was docketed on July 9, 2019. (Doc. No. 3). The Notice of Deficiency was returned as undeliverable on July 16, 2019. (Doc. No. 4). The Department of Public Safety's website indicates that Plaintiff now resides at the Eastern C.I. although the Warren C.I. remains Plaintiff's address of record in this case.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute.

1

Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)).

Petitioner has failed to keep the Court apprised of his current address and has not responded to the Court's June 3, 2019 Notice of Deficiency. Before dismissing this action for failure to prosecute, the Court will give Plaintiff **10 days** in which to notify the Court of his current address and comply with the Court's June 3, 2019 Notice of Deficiency.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have **10 days** from service of this Order in which to notify the Court of his change in address and comply with the June 3, 2019 Notice of Deficiency.

2. The Clerk of Court is directed to mail this Order, the June 3, 2019 Notice of Deficiency, and an *in forma pauperis* application to Plaintiff's address of record as well as to the Eastern C.I.

Signed: July 29, 2019

Frank D. Whitney
Chief United States District Judge